May it please the Court, I, Rosetta Alford, Respondent of the Assembly, representing myself, pro se against the NFTA-Metro, and Robert W. Stice, defendant in this matter. I want to thank you for considering to hear my oral argument in regards to my racial injustice, which occurred on June 11, 2020, approximately 2.40 in the afternoon. After Mr. Geis, defendant Geis came to my office inquiring about a question, I answered him. I happily followed him out of my office and stared for him at the Allen Medical Station, was my signature statement. And what was happening here the last week of March of 2020, I signed up to work overtime to clean our above ground and our underground rail stations, sanitizing the most popular spots, seating and railings that the public touched in their entering and exiting the station. So Ms. Alford, Ms. Alford? Yes. So obviously we're the appellate court, and so the issue before us is what did the district court get wrong? And so I want to focus on that since you only have a short amount of time. Okay. So my request today is to have the dismissal, the dismissal of my case, vacated and put back in the federal court's calendar. I believe all of the information that was presented on my behalf is accurate. And going through the files, information presented by Attorney Wayne Gradle is not accurate related to my case. The second issue that I'd like vacated is the summary judgment of a financial award for their legal fees. I was awarded by the EEOC to be able to sue my employee and my contractor. And on those grounds alone, I feel that this is not a fictitious thing. This is a real thing that has happened to me. And like I said, all of the information that was presented on the behalf of the defendant attorney is not accurate. Can I ask you a question?  This was a situation in which you filed your complaint and the defendants then filed a motion to dismiss that was also a motion for summary judgment. Is that right? Okay. And did you understand that you could ask for discovery or you could attach your own information in response to that motion? I did not, sir. All right. Did you ever have a... I'm sorry. I won't... Go ahead. I'm sorry. I interrupted you. Sir, with family and severe nervous breakdown and not being able to get anyone to take my case, I probably would not. So I did the best that I could, you know, with the assistance of friends and trying to just get documentation filed timely. Now, do you understand the difference between a motion to dismiss and a motion for summary judgment? I do believe the motion to dismiss, my case was closed within the court system and the summary judgment was to award them legal fees. Am I correct? Is that my understanding? Well, I'm not sure. And did you, when you received the motion, did you understand that you could ask for discovery? I don't believe I did, no. I'm just learning that now from you. All right. Okay. Are there any other points you wanted to make? Yes, sir. I'm just so caught off guard right now with the technology and everything. Yes, that, I did everything with all the defenses of the NFTA. I didn't do this here. It was not, the NFTA has a harassment policy as well as an equal opportunity policy. My employment, I had to retire because I could not go back to work working with my harasser and I had to work with him from day to day after they had been up to them. And no one knew what I was going through except for my manager, the extent of the severity of the nervous breakdown. And I did everything, even working on everything that I did was able to be, you know, vacated and, you know, providing medical guidance. I did everything that was within my power and ability to do to represent myself and to present information to show that I have been wrongfully harassed and using George Floyd as their subject matter to do that while I was trapped in my office. The only way to exit out is to jump out the window and to brush by my harasser as he was in my entryway. And I don't want to be accused of harassment, of infringement. I did everything to, I can't think of the word right now, to avoid the verbal altercation of harassment, leaving his office. Yes, sir. All right. All right. So we have a clock here. And so in the appeals court, people get a certain amount of time. So the amount of time has run. So we are going to reserve decision. We'll issue an order that explains how we've ruled on the case. So you'll get a copy of that. And then in the meantime, thank you. I'm glad we were able to so that. Thank you.